that he made a sharp turn into Ashland avenue to avert a collision.

After a most careful examination of the record and due consideration of all the evidence contained therein, we cannot say that the verdict was clearly and manifestly against the weight of the evidence.

Finally it is complained that in arriving at their verdict the jury compromised the question of damages by reducing them from $566.21, as shown by the undisputed evidence, to $390. Such discrepancy can be taken advantage of only by the injured party. 38 Cyc. 1904.

Finding no error in the record which justifies a reversal, the judgment will be affirmed.

*Affirmed.*

---

### Jacob Bass, Defendant in Error, v. William T. Woodley, Plaintiff in Error.

### Gen. No. 22,106.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. EDMUND K. JARECKI, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Affirmed. Opinion filed May 1, 1917. Rehearing denied May 14, 1917.

### Statement of the Case.

Action by Jacob Bass, plaintiff, against William T. Woodley, defendant, to recover for rent on a written guaranty of a lease. From a judgment for plaintiff for nine hundred dollars, defendant brings error.

BLUM, WOLFSOHN & BLUM, for plaintiff in error.

DARROW & SISSMAN, for defendant in error.

MR. JUSTICE McGOORTY delivered the opinion of the court.

## Abstract of the Decision.

**1.** GUARANTY, § 7*—*when of lease is supported by consideration.* In an action to recover for rent on a written guaranty (not under seal) of a lease, where it appeared that plaintiff purchased the premises from the defendant subject to existing leases, including the one in question, and it was contended by plaintiff that such purchase was conditioned upon a guaranty of the rents by the defendant and that such guaranty was agreed to prior to the execution of the contract of purchase, and it appeared that such guaranty was contained in the same instrument which assigned the lease in question and was delivered to plaintiff with the deed, and where the real question was whether there was a consideration for the guaranty, *held* that the execution and delivery of the said documents constituted one transaction and were supported by the same consideration.

**2.** DEEDS, § 196*—*when parol evidence is admissible to show consideration.* While parol evidence is not admissible to vary or contradict the terms of a deed, yet such evidence may be introduced to show the true consideration recited in the deed.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.